**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383) *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERROL GILKES** <br> 145 Weedon Court <br> West Chester, PA 19380 <br>     **Plaintiff,** | : <br> : <br> : <br> : <br> : | Civil Action No. |
| v. | : <br> : | **Complaint and Jury Demand** |
| **US XPRESS, INC.** <br> 1069 Seibert Avenue <br> Shippensburg, PA 17257 <br><br> 4080 Jenkins Road <br> Chattanooga, TN 37421 <br>     **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

### CIVIL ACTION

Plaintiff, Errol Gilkes (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against US Xpress, Inc. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is a truckload carrier service with a location at 1069

Seibert Avenue, Shippensburg, PA 17257 and a corporate headquarters located at 4080 Jenkins Road, Chattanooga, TN 37421.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2019-04344 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 19, 2019. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on January 21, 1956.

21. On September 15, 1998, Defendant hired Plaintiff as a Truck Driver.

22. Plaintiff was well qualified for his position and performed well.

23. On February 14, 2019, Plaintiff was involved in an automobile accident while he was driving for Defendant.

24. No one was injured in the accident.

25. The responding Police Officer issued both Plaintiff and the other driver involved in the automobile accident a citation.

26. However, Plaintiff's driving conduct did not warrant a citation.

27. Plaintiff then proceeded to call Defendant's Safety Department and reported the automobile accident and the citation he received as per Defendant's policy and procedures.

28. The Safety Department Representative informed Plaintiff that he was suspended and instructed him to take a bus home.

29. Plaintiff followed the Safety Department Representative's instructions.

30. On February 19, 2019, Alex Holland, Manager, and Misty LNU, Manager, called Plaintiff and informed him that he was terminated due to the automobile accident he was involved in and the citation that he received.

31. At the time of his termination, Plaintiff had been employed by Defendant for over twenty (20) years.

32. The February 2019 accident was Plaintiff's first accident while driving for Defendant over twenty (20) years of employment.

33. Plaintiff had never received any previous disciplines before his termination.

34. At the time of his termination, Plaintiff was sixty-three (63) years old.

35. Upon information and belief, younger Truck Drivers were not terminated due to a single accident or for receiving one citation.

36. The citation Plaintiff was issued for the February 2019 accident was subsequently dismissed by court.

37. It is Plaintiff's position that Defendant discriminated against Plaintiff due to his age and terminated him due to his age in violation of the Age Discrimination in Employment Act ("ADEA").

### COUNT I – AGE DISCRIMINATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff was born on January 21, 1956.

40. Plaintiff was qualified to perform the job.

41. Defendant terminated Plaintiff's employment.

42. Defendant treated younger employees more favorably than Plaintiff.

43. Defendant has no legitimate non-discriminatory reason for its actions.

44. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff was born on January 21, 1956.

47. Plaintiff was qualified to perform the job.

48. Defendant terminated Plaintiff's employment.

49. Defendant treated younger employees more favorably than Plaintiff.

50. Defendant has no legitimate non-discriminatory reason for its actions.

51. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Errol Gilkes, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: September 19, 2019

By: *David M. Koller*
David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*